36 F.3d 1112
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jose M. CRESPIN, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7080.
 United States Court of Appeals, Federal Circuit.
 Aug. 17, 1994.
 
 Before PLAGER, LOURIE, and RADER, Circuit Judges.
 ON MOTION
 ORDER
 LOURIE, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Jose M. Crespin's appeal for lack of jurisdiction. Crespin has not responded.
 
 
 2
 Crespin was denied service connection for a back disorder in 1981. In 1989, Crespin sought to reopen his case by submitting alleged new and material evidence. 38 U.S.C. Sec. 5108. The Board denied reopening, determining that the evidence submitted by Crespin was not new and material but was instead "cumulative, redundant and otherwise not material as to service connection for a back disability." Crespin appealed to the Court of Veterans Appeals. The Court of Veterans Appeals summarily affirmed the Board's decision, concluding that although the Board might have erred in assessing the credibility of a doctor's statement before first reopening the claim, the error was harmless and the evidence was not new and material.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this Court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 In his informal brief, Crespin argues that the Court of Veterans Appeals' decision was based upon untrue facts. Thus, Crespin challenges the Court of Veterans Appeals' factual determinations. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.